UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
APR 05 2006

******************************************************

| | | |
|---|---|---|
| METZ FARMS, a Partnership, | * | CIV. 05-4058 |
| Plaintiff, | * | |
| vs. | * | ORDER |
| FISHER SAND & GRAVEL CO., a North Dakota corporation, | * | |
| Defendant. | * | |

******************************************************

Pending is Metz Farms' Motion to Re-open Discovery to allow it to serve additional interrogatories and requests for production (Doc. 45). Fisher Sand & Gravel opposes the motion. Metz filed a brief to support the motion. At the court's invitation precipitated by time constraints, Fisher has furnished its opposition by e-mail to which Metz replied by e-mail. These writings have been considered.

Fisher claims the discovery (1) is not timely because discovery was to be completed by February 1, 2006; (2) is not relevant; (3) is burdensome because Fisher would be required to search twenty years of records involving hundreds of contracts; and (4) will cause delay. Fisher also injects an additional issue—its objection to depositions from its two experts. During depositions of Fisher's corporate officers in October 2005 Fisher disclosed there is at least one other contract with an escalation clause based upon "per the inflation rate."

Metz claims only recently in briefs filed in connection with the pending cross motions for summary judgment did Fisher disclose its contention the escalation clause is indefinite and unenforceable. Fisher responds by asserting the "indefinite" issue was apparent in the affidavit of one of its experts filed in December 2005. Metz claims not to have seen the other escalation clause to which reference was made by Fisher and that the witness who discussed it believed it was based

upon the consumer price index, as distinguished from "per the inflation rate." Metz contends the additional discovery will not delay the case. Regarding the depositions from the two experts, Metz desires a single deposition from Mike Fisher which can be conducted by telephone and is expected to consume about fifteen minutes.

Accordingly, it is hereby

ORDERED that:

1. Plaintiff's Motion to Reopen Discovery (Doc. 45) is GRANTED in part and DENIED in part as follows:

    a. Metz Farms is allowed to serve additional discovery not later than April 7, 2006, limited to the other contract or contracts disclosed during the October depositions of Fisher Sand and Gravel's corporate officers in which there is included an escalation clause tied to inflation or the consumer price index.

    b. Fisher Sand & Gravel shall respond to Metz' additional discovery requests not later than April 14, 2006.

    c. Metz Farms may take a telephone deposition from Mike Fisher not to exceed 30 minutes in length, unless counsel agree otherwise.

2. The parties shall not file additional briefs on the cross motions for summary judgment as a result of the additional discovery.

Dated this 5th day of April, 2006.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By_____, Deputy

2